Our next case for argument this morning is Reed against PF of Milwaukee. Ms. Murphy. May it please the court. The district court erred in this case by dismissing Mr. Reed's complaint and refusing to toll the 90 days to filing period under the Age Discrimination and Employment Act. In a case such as this, a party is entitled to equitable tolling if he has pursued his rights diligently and to some extraordinary circumstance has stood in his way and prevented timely filing. The district court incorrectly found that Mr. Reed did not satisfy either of these criteria. I will first briefly address the extraordinary circumstances in this case. The district court concluded that Mr. Reed's failure to file his complaint in time was due to something within his control. This is clearly incorrect. The court admitted that the clerk's mailing error deprived Mr. Reed of almost a month of the filing period. Mr. Reed had provided his correct address and obviously had no control over the mailing error. As demonstrated in our brief, numerous courts have ruled that such clerical or administrative errors are extraordinary circumstances. Planet Fitness failed to acknowledge these cases in its brief. Instead, Planet Fitness cited cases where the plaintiff or their agent missed the deadline due to negligence. Ms. Murphy, what about the time before then? The mailing error occurred in response to your client's second request to lift the filing bar, but the first request wasn't filed until the 90-day period was almost half over. How can we conclude that that was diligent? So Mr. Reed, within three weeks of receiving his right to sue, tried to file his complaint for the first time. When that was returned, when that was he quickly filed his first motion to rescind. Mr. Reed... But given that he was well aware of the filing bar, how can we conclude that he was diligent waiting over half of the period that he had to file any kind of a motion to lift it? So Mr. Reed is a pro se plaintiff and given that status, the three weeks is diligent. Once he learned that it would not be accepted, he filed the motion to rescind and it does take some time for him to be able to write that motion and ask the court to lift the no filing ban. In determining his diligence, what impact should the merits of his request for lifting the bar have on us? In other words, in his first request, he asked to lift the bar on a ground that this court had already affirmed on. He was claiming that the original judge was biased. Yes, the judge acknowledged that Mr. Reed also was indigent and that was relevant to the lifting of the... But that's a separate question. My question is focused on in assessing diligence, what impact should the merits of the motion have on whether or not he was diligent? So while part of his original argument that the judge was biased was not a grounds because this court had already ruled on that, he had from the beginning asked to file in form of papyrus and his indigent status was something that was known to the court. And again, Mr. Reed is a pro se plaintiff and he was doing all that he could to meet the filing deadlines and fulfill his requirements. So returning to the first criteria regarding diligence, the district court erred in finding that he had not been diligent by applying the wrong standard, ignoring that Mr. Reed did not know indigency could be an exception to the statute, and incorrectly faulting Mr. Reed for not filing in state court. So the district court faulted Mr. Reed for not asking for the MAC order to be lifted before he received the right to sue notice from the EEOC and this is an incorrect application of the law because it misunderstands the relevant time period and when Mr. Reed had a right claim. So based on this court's precedent in Carpenter v. Duma, the relevant inquiry regarding reasonable diligence is whether Mr. Reed was reasonably diligent in pursuing his rights throughout the limitations period. In this case, the relevant period is from July 8, 2019, which is when Mr. Reed received the right to sue notice, through November 1st, which is when Mr. Reed was allowed to file his complaint. During this period, Mr. Reed was diligent. The court recognized on two separate occasions that but for the clerk's mailing error, Mr. Reed would have been able to file his age discrimination complaint by the October 7th deadline. The district court and Planet Fitness incorrectly fault Mr. Reed for not acting sooner to remove the Mr. Reed was not told of this exception at the time the MAC order was imposed nor when this court affirmed the MAC order. Second, the issue was not right before Mr. Reed received his right to sue notice. It would have been premature and a waste of the court and Mr. Reed's time for Mr. Reed to attempt to have the sanctions order lifted earlier. The order was not preventing Mr. Reed from filing any claims and he did not know that it would ever prevent him from filing a claim. Finally, the district court also incorrectly faulted Mr. Reed's decision to pursue his claim in federal court instead of Wisconsin State Court. This is not a basis for denying equitable tolling. Neither the district court nor Planet Fitness cite any cases in support of this contention. Mr. Reed has the right under the statute to seek relief in federal court. If the court has no further questions at this time, I will reserve the remainder of my time for rebuttal. Certainly, Miss Murphy, Miss Rainer. May it please the court, Your Honor's counsel. My name is Agatha Rainer and I the district court in this case did not abuse its discretion in determining that equitable tolling did not apply to Mr Reed's claim before turning to the applicable standard for equitable tolling. It's important to frame the arguments in this case in the context of three significant background facts. First, it's significant to note that Mr Reed, although a pro se litigant, is a sophisticated litigant with extensive knowledge of and experience with the federal court system. Second, the reason that Mr Reed's complaints were not initially accepted for filing is because of his prior extensive abuse of the federal court system, which resulted in issuance of the map order in the Lynn Care case. Third, it's important to address what triggered the 90 day filing period in this matter. It was Mr Reed's own actions in affirmatively deciding to and deciding to request it when he did. It was Mr Reed's own actions which triggered the 90 day filing period in this matter. Turning to the legal standard as applied by the district court, the district court properly looked at the two elements cited by Miss Murphy. Did Mr Reed pursue his rights diligently? And was there some extraordinary circumstance which prevented Mr Reed from timely filing? This second element of extraordinary circumstance requires both of finding that the circumstances be extraordinary and involve an external obstacle beyond the party's control. Here the district court properly determined that Mr Reed did not meet either of these two elements. He did not pursue his rights diligently and the circumstances which led to the late filing were not extraordinary and not external obstacles outside of his control. In fact, to the contrary, the Mr Reed's control. His attempts to file his complaint in the 90 day period cannot be viewed in a vacuum. It was his own conduct that resulted in the issuance of the map order in the first place. He had almost five years to ask the court to modify or rescind that map order. And again, as it relates to that right to sue, it was his decision to request that right to sue letter. He could have not requested the right to sue and waited for the EEOC to rescind that order. He could have waited until the map order was lifted to request the right to sue. Again, it was his request for that right to sue that set the 90 day deadline in motion. He also could have acted more diligently within the 90 days. As has already been pointed out, his first attempt at filing was 23 days after that receipt of the right to sue. Then 20 days passed between his receipt of the court's August 1st letter confirming the bar and his filing of his next motion on August 23rd. Regardless, Mr Reed could have filed in state court at any time up to the filing deadline. In fact, Miss Rainer, what impact the second request to lift the filing bar, the court's ruling on that was delayed in getting to Mr Reed because it was set to the wrong address, which looks like it was some type of an error on the Mr Reed. Well, again, as the court pointed out, that may have been an unfortunate error, but that was not the only thing that led to Mr Reed's failure to file within that 90 day timeline. Again, he could have started the process earlier. At the end of the day, though, the state court system was always available to Mr Reed. Um, the cases cited in the amicus brief as it relates to filing or finding that a mailing error may amount to an extraordinary circumstance are completely distinguishable from the circumstances here. First, I'll point out that those cases are outside of the Seventh Circuit, but in those cases, the mailing error or the delay by the court to get the order to the litigants was a delay in the initial operative order that notified the litigants of his right to appeal or the timing of the appeal. Here we don't have that. We have the two operative orders or or pleadings are the right to sue, which gave Mr Reed the notice of his of his deadline and the Mac order itself, which again put Mr Reed on notice of the filing bar. Mhm. So as the district court explained, although the mailing address to the wrong address or the mailing error to the wrong address was unfortunate, it was not an extraordinary circumstance. The district court addressed that it acknowledged that mailing error, but nonetheless said that it was not an extraordinary circumstance under the applicable standard, but rather that it was a quote late obstacle made only possible by his years long failure to address the outstanding Mac order. Now the amicus in this case criticizes the district court for considering conduct outside of that 90 day window, citing carpenter. We believe that this criticism is misplaced. Carpenter does not hold that a court can only consider whether the litigants is diligent throughout that 90 day period. In fact, this court in enough insurance, the southern brands installation, the Seventh Circuit addressed the party's alleged failure to receive notice of the status of a class action. In that case, the Seventh Circuit said that the party quote failed to exercise minimal diligence by either not learning of or losing track of the class action. Similarly, in this case, Mr Reed should have kept track of that Mac order. His failure to do so does not warrant equitable tolling in this matter. And again, the case is cited by the amicus as it relates to the finding that the mailing error was an extraordinary circumstance. Again, those were all cases outside of the Seventh Circuit. Many of them were, in fact, district court decisions which are not on appeal on an abusive discretion standard. So again, in those cases, the district court may have come to a conclusion here. The court isn't being asked to decide whether or not equitable tolling should apply, but whether or not the district court abused its discretion in determining that equitable tolling did not apply. Unless the court has some additional questions for the reasons stated in its brief, as well as the arguments today, P. F. Of Milwaukee Midtown respectfully asked the court to affirm the district court decision. Thank you, Counsel. Anything further? Ms Murphy. Yes. Thank you, Your Honor. First, I just have to two points on rebuttal. First, just want to clarify that for all intents and purposes, the September 16th order from the court was Mr Reed's first notice that indigency was a potential exception to the no filing order. So just to reemphasize, he was diligent from the beginning of the 90 day filing period. He had no reason during the first 45 days to believe that indigency was a reason to lift the MAC order, which is why he did not raise it at that time. So he was diligent during this 90 day suit filing period and until he was finally able to file his two times that but for the mailing error, which was an extraordinary, he would have been able to to file his complaint by the deadline. So this is an extraordinary circumstance, as we've shown in our brief, and Mr Reed should not bear the cost of this mailing error after his repeated and continued diligence. Yeah. We would ask that this court reverse and remand to the district court. Thank you, Ms Murphy. The court appreciates your willingness and that of Mr Schmidt and the legal aid clinic to appear as amicus curiae on behalf of Mr Reed and the assistance. We appreciate the assistance you've the court as well as to Mr Reed. The case is taken under advisement. Our next